UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-22812-KMW-LMR

KAIQUAN HUANG,

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

**THIS MATTER** comes before the Court on the Plaintiff's *Ex-Parte* Motion for Entry of

Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets

("Motion for TRO"). [ECF. No. 11]. This matter was referred to the Undersigned United States

Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).  The

Plaintiff, Kaiquan Huang ("Plaintiff"), moves *ex parte* for entry of a temporary restraining order

against Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on

Schedule "A" (collectively "Defendants") to Plaintiff's Amended Complaint and an order

restraining the financial accounts used by Defendants pursuant to 35 U.S.C. §283, Federal Rules

of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court has reviewed the Motion for TRO and is otherwise duly advised. For the reasons

stated herein, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

    **I.**        **FACTUAL BACKGROUND**

On July 27, 2023, Plaintiff filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law. [ECF No. 8].

Plaintiff owns one (1) United States Design Patent, No. US D 958,134S, for an ornamental design of a mobile phone stand for use in a vehicle (hereinafter "Plaintiff's Patent" or "134 Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. See Pl.'s Am. Compl. at Ex. No. 1 [ECF No. 8]. Plaintiff demonstrated he is the owner of the 134 Patent by submitting copies of the U.S. Design Patent: 1) No. USD 958, 134S, Date: July 19, 2022. See Pl.'s Am. Compl. at Ex. 1 [ECF No. 8-1]; see also Huang Decl. at 4 [ECF No. 9].

Plaintiff is the owner of all rights, title, and interest to the 134 Patent, which has been used in connection with the manufacturing, advertising, offer for sale and/or sale of Plaintiff's mobile stand for use in a vehicle. *Id.* at 6 [ECF No. 9]. Plaintiff advertises, offers for sale, and sells the mobile stand for use in a vehicle depicted in the 134 Patent in authorized e-commerce stores such as Amazon, Aliexpress, and Walmart. *Id.* [ECF No. 8]. Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the 134 Patent. *Id.* at 7 [ECF No. 9]. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the 134 Patent. *Id.* at 20 [ECF No. 9].

Without Plaintiff's permission or license, Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's 134 Patent within this District through various Internet based e-commerce stores and fully interactive commercial

Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. See Pl.'s Am. Compl. at Ex. No. 2 "Schedule A" [ECF No. 8-1]; *see also* Huang Decl. at ¶¶ 10–15 [ECF 9].

## II.  LEGAL STANDARD

The Supreme Court held that in patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity." *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act, provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283). The Patent Act also states that "patents shall have the attributes of personal property," including "the right to exclude others from making, using, offering for sale, or selling the invention." *Id.* (quoting 35 U.S.C. § 261).

In a patent case, in order to obtain a preliminary injunction, a party must demonstrate; (1) a substantial likelihood of the patentee's success on the merits, (2) irreparable harm if the injunction were not granted, (3) the balance of hardships between the parties, and (4) that granting the injunction would not disserve the public interest. *Pass & Seymour, Inc. v. Hubbell, Inc.*, 532 F. Supp. 2d 418, 427 (N.D.N.Y. 2007); *Suntrust Bank v. Houghton Mifflin Company*, 268 F.3d 1257, 1265 (11th Cir. 2001); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets relying on affidavits and hearsay materials).

Plaintiff is entitled to a preliminary injunction based on its patent infringement claim because it can show all four factors. *See Tinnus Enters., LLC v. Telebrands Corp.*, 846 F. 3d 1190, 1202 (Fed. Cir. 2017).

Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(l). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

## III.    CONCLUSIONS OF LAW

The declarations of the Plaintiff (Declaration of Kaiquan Huang and Declaration of Humberto Rubio) submitted in support of its *Ex Parte* Application for Temporary Restraining Order support the following conclusions of law:

A. The Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of Plaintiff's Patent.

B. Because of the infringement of the 134 Patent, the Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in the Plaintiff's Amended Complaint, Motion for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff before the Defendants can be heard in opposition unless the Plaintiffs request for *ex parte* relief is granted:

1.   The Defendants own or control Internet based e-commerce stores and websites which

advertise, promote, offer for sale, and sell products bearing infringing images/products in violation of the Plaintiffs rights;

2. There is good cause to believe that more infringing products bearing reproductions and derivatives of the Plaintiff's Patent will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

3. There is good cause to believe that if the Plaintiff proceeds on notice to the Defendants of this Application for Temporary Restraining Order, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiffs ability to obtain meaningful relief.

C. The balance of potential harm to the Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of the 134 Patent.

D. The public interest favors issuance of the temporary restraining order to protect the Plaintiff's interests in its patent, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

E. The Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289 and 35 U.S.C § 284.

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission*

*v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.  In light of the inherently deceptive nature of the infringing business, and the likelihood
that the Defendants have violated federal patent laws, the Plaintiff has good reason to
believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction
of this Court unless those assets are restrained.

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**,
and a Temporary Restraining Order be ordered under the terms set forth below:

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries,
distributors, and all persons in active concert or participation with any of the Defendants
having notice of this Order are temporarily restrained as follows:

    a.  From manufacturing, importing, advertising, promoting, offering to sell, selling,
distributing, or transferring any products bearing reproductions or derivatives of
the Plaintiffs Patent; and

    b.  From secreting, concealing, destroying, selling off, transferring, or otherwise
disposing of: (i) any products, not manufactured or distributed by the Plaintiff,
bearing reproductions or derivatives of the Plaintiff's Patent; (ii) any evidence
relating to the manufacture, importation, sale, offer for sale, distribution, or
transfer of any products bearing reproductions or derivatives of the Plaintiff's
Patent; or (iii) any assets or other financial accounts subject to this Order,
including inventory assets, in the actual or constructive possession of, or owned,
controlled, or held by, or subject to access by, any of the Defendants, including,
but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries,

distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Amazon, Amazon Pay, Walmart, Paypal, Temu and shein and their related companies and affiliates (collectively, the "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order,

   a. Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the

express authorization of this Court.

b. Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5) Any Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6) In addition to other methods authorized by law, the Plaintiff may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Online Marketplace platforms, Financial Institutions and/or Third-Party Service Providers at the following addresses:

i. Amazon at legal@amazon.com and registrar-abuse@amazon.com;
ii. PayPal, attention EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;
iii. Alipay, attention Mr. Di Zhang, Member of the Legal & Compliance Department — IP, at di.zd@alipay.com;
iv. Alibaba, attention Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;
v. DHgate (including DHPay.com) at Patrol@dhgate.com;
vi. Payoneer, VP of Operations at VPOperations@Payoneer.com and/or Melissa Godwin, Legal Counsel, at melissa.godwin@us.dlapiper.com;
vii. Walmart, legal@walmart.com;

(7) The Clerk of the Court is directed to issue a single original summons in the name of "HIKATAB and all other Defendants identified in Schedule 'A' of the Amended

Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(8) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

(9) This Order shall go into effect immediately and remain in full force for two weeks from the date of entry of this Order, or until further order of this Court.

(10) Pursuant to Federal Rule of Civil Procedure 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(11) After the Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, the Plaintiff shall serve copies of the Amended Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet based e-commerce stores operating under the respective Seller IDs or by providing a copy of this

Order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or marketplace platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, the Plaintiff shall post copies of the Amended Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at https://tinyurl.com/22812DP and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. The Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at https://tinyurl.com/22812DP or by other means reasonably calculated to give notice which is permitted by the Court.

(12)     A hearing is set before this Court within fourteen days of this Report, at which time the Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on the Plaintiff's requested preliminary injunction. The Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

(13)     The Clerk shall file this Order under seal until further order of the Court.

## IV.     OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has THREE (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. *See* generally *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of*

*Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; see also *Harrigan v. Metro-Dade Police Dep't Station #4,* 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** in Miami, Florida this 28th day of August, 2023.

_____

**HONORABLE LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record