UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-22812-CV-WILLIAMS

KAIQUAN HUANG,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of a Preliminary Injunction ("Motion") (ECF No. 11). This matter was referred to the Undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). The Plaintiff, KAIQUAN HUANG ("Plaintiff") moves for the entry of a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Complaint (collectively "Defendants")[1], pursuant to 17 U.S.C. § 501(a) and Federal Rule of Civil Procedure 65.

A hearing was held on September 21, 2023, at which counsel for Plaintiff was present and no other party and or Defendant was present and or represented by counsel. No response or objection was filed by any Defendant to the Motion as required by this Court's orders. The Court

---

[1] This Order shall **not** apply to the Aliexpress Defendants, identified as Defendant numbers: 21through 52, the Temu Defendants, identified as Defendant numbers: 55 through 57, and the Shein Defendants, identified as Defendant numbers: 58 through 63 on Schedule "A" who are still subject to the TRO (ECF No. 19) and any extensions.

1

has reviewed the Motion and is otherwise duly advised and for the reasons stated herein, it is **RECOMMENDED** that the Motion be **GRANTED** against the Defendants.

1. **Background**

On July 27, 2023, Plaintiff KAIQUAN HUANG ("Plaintiff") filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law. (ECF No. 8).

Plaintiff owns one (1) United States Design Patent, No. US D 958,134S, for an ornamental design of a mobile phone stand for use in a vehicle (hereinafter "Plaintiff's Patent" or "134 Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. *See* Pl.'s Am. Compl. at Ex. No. 1 (ECF No. 8). Plaintiff demonstrated he is the owner of the 134 Patent by submitting copies of the U.S. Design Patent: 1) No. US D 958,134S, Date: July 19, 2022. *See* Pl.'s Am. Compl. at Ex. 1 (ECF No. 8-1); *see also* Huang Decl. at ¶ 4 (ECF No. 9).

Plaintiff is the owner of all rights, title and interest to the 134 Patent, which has been used in connection with the manufacturing, advertising, offer for sale and/or sale of Plaintiff's mobile stand for use in a vehicle. *Id*. at ¶ 6 (ECF No. 9). Plaintiff advertises, offers for sale and sells the mobile stand for use in a vehicle depicted in the 134 Patent in authorized e-commerce stores such as Amazon, Aliexpress, Walmart. *Id*. (ECF No. 9). Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the 134 Patent. *Id*. at ¶ 7 (ECF No. 9). Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the 134 Patent. *Id*. at

2

¶ 20 (ECF No. 9).

Without Plaintiff's permission or license, Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's 134 Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* Pl.'s Am. Compl. at Ex. No. 2 "Schedule A" (ECF No. 8-2); *see also* Huang Decl. at ¶ ¶ 10-15 (ECF 9).

A simple comparison of Defendants' infringing goods with Plaintiff's 134 Patent and any layman can observe Defendants' blatant infringement of Plaintiff's exclusive patent as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's 134 Patent. *See* Plaintiff's 134 Patent (Pl.'s Am. Compl. at Ex. 1 (ECF No. 7-1) against screenshots of Defendants' products on their e-commerce stores. S*ee* Schedule B (ECF No. 12-1), Rubio TRO Decl. at ¶ 5 (ECF No. 10) and Huang Decl. at ¶¶ 10-15 (ECF No. 9).

**2. Legal Standard**

The Supreme Court held that in patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity" *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act, provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283). The Patent Act also states that "patents shall have the attributes of personal property," including "the right to exclude others from making, using, offering for sale, or selling the invention" *Id.* (quoting 35 U.S.C. § 261).

In a patent case, in order to obtain a preliminary injunction, a party must demonstrate; (1)

a substantial likelihood of the patentee's success on the merits, (2) irreparable harm if the injunction were not granted, (3) the balance of hardships between the parties, and (4) that granting the injunction would not disserve the public interest. *Pass & Seymour, Inc. v. Hubbell, Inc.,* 532 F. Supp. 2d 418, 427 (N.D.N.Y. 2007); *Suntrust Bank v. Houghton Mifflin Company,* 268 F.3d 1257, 1265 (11th Cir. 2001); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets relying on affidavits and hearsay materials).

Plaintiff is entitled to a preliminary injunction based on its patent infringement claim because it can show all four factors. *See Tinnus Enters., LLC v. Telebrands Corp.,* 846 F. 3d 1190, 1202 (Fed. Cir. 2017).

### 3. Analysis

The declarations of Plaintiff submitted in support of its Motion for Preliminary Injunction support the following conclusions of law:

A.  The Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and or copies of Plaintiff's Patent.

B.  Because of the infringement of Plaintiff's Patent, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted. The following specific facts, as set forth in the Amended Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff unless Plaintiff's request is granted:

1.  The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing counterfeit and

infringing products in violation of the Plaintiff's rights;

  2. There is good cause to believe that more infringing products bearing Plaintiff's Patented design will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

 C. The balance of potential harm to the Defendants in restraining their trade in infringing goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of Plaintiff's Patent.

 D. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's Patent interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

 E. The Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289, 35 U.S.C § 284.

 F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

 G. In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal patent laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

For the foregoing reasons, it is **RECOMMENDED** that the Plaintiff's Motion for Preliminary Injunction (ECF No. 11) be **GRANTED** under the following terms:

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are temporarily enjoined and restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products which reproduce or copy Plaintiff's Patent; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, which consist of copy or counterfeit of the Plaintiff's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products which consist of, contain or copy the Plaintiff's Patent; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff's Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4)     Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Amazon, Amazon Pay, Walmart, Paypal, Temu and shein and their related companies and affiliates (collectively, the "Third Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5)     Continue to provide the Plaintiff information regarding the (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(6)     Any Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(7)     This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial

accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

(8)     This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

(9)     The Court determines that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), posted by Plaintiff as evidenced by Plaintiff's Notice (ECF No. 24) is sufficient and shall remain with the Court until a final disposition or until this preliminary injunction is dissolved or terminated or until further Order.

## 4.     Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has THREE (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. See generally *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; see also *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 21st day of September, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Kathleen M. Williams; and
All Counsel of Record**