UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-22812-CV-WILLIAMS

KAIQUAN HUANG,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.

_____/

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Final Judgment

against Certain Defendants ("Motion"). [ECF No. 45]. This matter was referred to the Undersigned

for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).  A Clerk's Default was

entered against Defendants listed in Schedule "A" herewith enclosed ("Defaulting Defendants" or

"Defendants")[1]. [ECF No. 40]. Defaulting Defendants failed to appear, answer, or otherwise plead

to the Amended Complaint (ECF No. 8) despite having been served. The Court has carefully

considered the Motion, the record in this case, the applicable law, and is otherwise fully advised.

For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion is **GRANTED**.

I. INTRODUCTION

On July 27, 2023, Plaintiff KAIQUAN HUANG ("Plaintiff") filed the present action for

_____

[1] Since the entering of the Clerk Default, certain Defendants may have been dismissed and are
not subject to this order. The attached Scheduled "A" includes the complete list of Defaulting
Defendants.

1

patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law. [ECF No. 1]. On August 24, 2023, Plaintiff filed its Amended Complaint ("Amended Complaint"). [ECF No. 8].

Plaintiff owns one (1) United States Design Patent, No. US D 958,134S, for an ornamental design of a mobile phone stand for use in a vehicle (hereinafter "Plaintiff's Patent" or "134 Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law.

Plaintiff further asserts that Defaulting Defendants' unauthorized use of Plaintiff's Patent in connection with the advertising, distribution, offering for sale, and sale of the retail products using the 134 Patent have caused irreparable damage through consumer confusion, loss of control over creative content, and garnishment of its valuable patent rights.

In its Motion, Plaintiff seeks the entry of default final judgment against Defaulting Defendants in an action alleging patent infringement. Plaintiff further requests that the Court (1) enjoin Defaulting Defendants' unlawful use of Plaintiff's Patent and (2) award Plaintiff damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir.

1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-cv-61471-BB, 2017 WL 6949260, (S.D. Fla. Oct. 3, 2017); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

If there are multiple defendants, the Plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability. Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. *See* 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")). "Even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The remaining Defendants in the case have not appeared and have defaulted. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants and an adjudication may be entered. The Court thus finds there is a sufficient basis in the pleading for the default judgment to be entered with respect to the Defaulting Defendants.

## II. FACTUAL BACKGROUND

Plaintiff is the owner of the 134 Patent which is valid and enforceable. Without Plaintiff's permission or license, Defaulting Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. Plaintiff has submitted sufficient evidence showing each Defaulting Defendant has infringed Plaintiff's patent rights. Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use, display, reproduce or distribute the Plaintiff's Patent.

Plaintiff undertook an investigation that has established that Defaulting Defendants are using various web stores on platforms such as Amazon, Walmart, Aliexpress, and Shein to sell primarily from foreign countries such as China to consumers in the United States items that are not authorized or approved by Plaintiff by utilizing the 134 Patent without Plaintiff's permission. Plaintiff accessed Defaulting Defendants' Internet based e-commerce stores operating under their respective Seller ID names through, for example, Amazon and Aliexpress. Upon accessing each of the e-commerce stores, Plaintiff viewed product listings displaying the Plaintiff's Patent, added products to the online shopping cart, proceeded to a point of checkout, and otherwise actively exchanged data with each e-commerce store. Plaintiff captured detailed web pages for each Defaulting Defendant store. Plaintiff personally analyzed Defendants' product listings posted via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of Plaintiff's Patent, and concluded that the use by Defendants was infringing.

4

### III. ANALYSIS

#### A. Claims

Section 271(a) of the Patent Act, 35 U.S.C. § 271(a), provide liability for patent infringement "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To prevail on its patent infringement claim, Plaintiff must demonstrate that the accused product infringes a patented design.

Design patent infringement requires a showing that the accused design is substantially the same as the claimed design. The criterion is deception of the ordinary observer, such that one design would be confused with the other. *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F. 3d 665, 679 (Fed. Cir. 2008). Under this test, the central inquiry is whether an "ordinary observer," who is familiar with the prior art, would find the overall appearance of the accused product to be "substantially the same" as the overall appearance of the patented design. *Id*. at 677; *see also Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F .3d 1365, 1372 (Fed. Cir. 2006). An infringing product need not be an exact copy of the patented design, and Defendants cannot escape infringement by introducing minor variations into an otherwise copycat product. *Egyptian Goddess*, 543 F. 3d at 670.

#### B. Liability

The factual allegations of Plaintiff's Amended Complaint sufficiently allege the elements for Plaintiff's claim of patent infringement. [ECF No. 8].  Plaintiff is the inventor and owner of one (1) United States Design Patent, No. US D 958,134S, for an ornamental design of a mobile phone stand for use in a vehicle—Plaintiff's Patent. [ECF No. 8 ¶¶ 2, 38; ECF No. 8-1].  Defaulting

Defendants have, without authorization, used and offered for sale Plaintiff's Patent. [ECF No. 8-1 at ¶¶ 3, 21, 28 and 40]. Plaintiff has shown that a simple comparison of Defendants' infringing goods, which are being offered for sale and/or sold in the United States, with Plaintiff's Patent and any "ordinary observer" can perceive Defendants' blatant infringement of Plaintiff's exclusive patent as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's Patent. Moreover, the factual allegations in Plaintiff's Amended Complaint have been substantiated by sworn declarations and other evidence and establish Defaulting Defendants' liability for patent infringement. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) is appropriate.

### C. Injunctive Relief

The Patent Act provides that courts "may" grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement of a patent. 35 U.S.C. § 283. Injunctive relief is available in a default judgment setting. *See e.g.*, *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213 (S.D. Fla. 2004). Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

The court previously found these factors in favor of Plaintiff when it entered the preliminary injunction in this matter. [ECF Nos. 31, 35]. No change has occurred since then, and Plaintiff has carried its burden on each of the four factors warranting permanent injunctive relief. A permanent injunction will protect Plaintiff's intellectual property interests, as well as prevent consumer confusion and deception in the marketplace.

Further, irreparable harm exists where, as here, the infringers' unauthorized use of Plaintiff's intellectual property causes confusion among consumers and damages business reputation and brand confidence. *Kevin Harrington Enterprises, Inc. v. Bear Wolf, Inc.*, No. 98-cv-1039-UU, 1998 WL 35154990 (S.D. Fla. 1998) ("likelihood of irreparable harm shown where infringement leaves plaintiff without the ability to control its own reputation"). It is well-settled that, because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole. *Hybritech Inc. v. Abbott Laboratories*, 849 F. 2d 1446, 1456 (Fed. Cir. 1988).

A patent holder possesses "the right to exclude others from using his property." *ebay Inc.*, 547 U.S. at 392. (citing *Fox Film Corp.v. Doyal*, 286 U.S. 123 (1932)). Defendants' infringing conduct deprives Plaintiff of control over its intellectual property and of its exclusive rights causing irreparable harm. *See eBay, Inc.* at 395 (holding violation of patent owner's "right to exclude" renders monetary remedies inadequate in a wide range of circumstances).

Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of products sold utilizing the Plaintiff's Patent or the manner in which Plaintiff's IP rights are displayed. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defaulting Defendants' infringing actions are allowed to continue. Moreover, Plaintiff faces

hardship from loss of sales and his inability to control his reputation in the marketplace. By contrast, Defaulting Defendants face no hardship if they are prohibited from the infringement of Plaintiff's Patent, which are illegal acts.

Finally, the public has an interest in the issuance of a permanent injunction against Defendants in order to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior").

The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defaulting Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . (t)he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). Defaulting Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, Defaulting Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering all product listings displaying Plaintiff's Patent to be permanently removed from Defaulting Defendants' internet stores by the applicable internet marketplace platforms.

**D. Damages**

Under the Patent Act, defendants found liable for design patent infringement "shall be liable to the patent owner to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. Thus, Plaintiffs are entitled to recover the t o t a l profit r e s u l t i n g from sales of Defaulting Defendants' accused counterfeit products, but no less than $250. The Court has wide discretion to set an amount of statutory damages. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F. 2d 829, 852 (11th Cir. 1990)).

Defendants have failed to appear in the current action and their conduct has been deemed willful. Here, the allegations of the Amended Complaint and the evidence establish each Defendant intentionally copied Plaintiff's Patent for the purpose of deriving the benefit of Plaintiff's reputation. Defendants have defaulted on Plaintiff's allegations of willfulness. *See also Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (concluding a court may infer willfulness from the defendants' default) (citation omitted); *PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (stating that upon default, well plead allegations are taken as true). The Patent Act permits the Court to award Defendant's profits as damages to ensure Defendants do not continue their intentional and willful counterfeiting activities. 35 U.S.C. § 289.

The only available evidence demonstrates each Defendant individually promoted, distributed, advertised, offered for sale, and/or sold goods which were counterfeits of Plaintiff's Patent. Based on the above considerations, Plaintiff has asked the Court to award damages which amount to the funds restrained by the Financial/e-commerce Accounts. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's Patent. As such, Plaintiff is entitled to all of the funds as currently restrained by the financial institutions as a measure of profits.

**IV. CONCLUSION**

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion, [ECF No. 45], be **GRANTED** with respect to the Defaulting Defendants identified on Schedule "A" herewith enclosed.

2. Default Final Judgment be entered by separate order.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has THREE (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. See generally *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; see also *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** in Miami, Florida on this 25th day of March, 2024.

**HONORABLE LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc:    **United States District Judge Kathleen M. Williams;**
        **All Counsel of Record**